**Traci CHARLES, Plaintiff–Appellant,**

v.

**NIKE, INC., Defendant–Appellee.**

**No. 06–15190.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2007 *.

Filed Nov. 9, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William R. Hopkins, Wells & Hopkins Attorneys at Law, Tiburon, CA, for Plaintiff-Appellant.

Thomas M. Peterson, Esq., Michael D. Thomas, Esq., Morgan Lewis & Bockius, LLP, Tracy Thompson, Esq., Cook & Roos LLP, San Francisco, CA, for Defendant-Appellee.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Traci Charles appeals the district court's summary judgment in favor of Nike, Inc., in her diversity action alleging state claims of discrimination and denial of reasonable accommodation in violation of California's Fair Employment and Housing Act (FEHA); wrongful denial of medical leave in violation of the California Family Rights Act (CFRA); and violation of California public policy. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Craig v. M & O Agencies, Inc.,* 496 F.3d 1047, 1053 (9th Cir.2007). We affirm.

Charles argues that she produced sufficient evidence that Nike discriminated against her in violation of Cal Gov't Code § 12940(a) when it failed to select her for an accelerated training program. To establish her prima facie case, Charles must establish that she qualified for the program. *Guz v. Bechtel Nat. Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113 (2000). The undisputed facts establish that Charles did not meet the objective criteria of the program. Because she could not establish an element of her prima facie case, summary judgment was proper on her disparate treatment claim. The district court also properly granted summary judgment on the disparate impact and pattern and practice claims. Charles did not offer statistics of the composition of the qualified employee or application pool. *Carter v. CB Richard Ellis, Inc.,* 122 Cal.App.4th 1313, 1324–25, 19 Cal.Rptr.3d 519 (2004). Nor did she produce evidence to establish that racial discrimination was Nike's "standard operating procedure." *Obrey v. Johnson,* 400 F.3d 691, 694 (9th Cir.2005).

Charles argues that the district court improperly granted summary judg-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment on her claim that Nike violated Cal. Gov't Code §§ 12940(m) & (n) by failing to reasonably accommodate her disability. The undisputed facts establish that Nike had suspended Charles with pay and decided to terminate her for a legitimate nondiscriminatory reason before Charles requested two months of medical leave as disability accommodation. Reasonable accommodation does not include reinstatement after termination for a legitimate nondiscriminatory reason. *Brundage v. Hahn*, 57 Cal.App.4th 228, 239, 66 Cal. Rptr.2d 830 (1997). In addition, although a finite leave of absence can be reasonable accommodation under the FEHA, leave need not be provided where the accommodation would be futile. *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 226, 87 Cal.Rptr.2d 487 (1999). By the time Charles made her request, leave would have been a futile accommodation because the nondiscriminatory decision to fire her had already been made.

■ For the same reasons, summary judgment was proper on the claim that Nike had a duty to provide leave under Cal. Gov't Code § 12945.2. The CFRA did not prohibit Nike from terminating Charles for a legitimate nondiscriminatory reason that had nothing to do with CFRA leave or require that Nike reverse its decision to terminate Charles because Charles requested unpaid leave after Nike had decided to terminate her. *Cf. Neisendorf v. Levi Strauss & Co.*, 143 Cal.App.4th 509, 520, 49 Cal.Rptr.3d 216 (2006) (holding that termination for a legitimate nondiscriminatory reason unrelated to CFRA leave eliminated the employer's obligation to reinstate after leave).

■ Charles argues that she produced sufficient evidence to create a triable issue of fact that Nike retaliated against her for reporting discrimination and requesting medical leave to accommodate her disabili-

ty. To prove a prima facie retaliation claim under the FEHA, Charles must establish that there was a causal link between the protected activity and the employer's action. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 32 Cal.Rptr.3d 436, 116 P.3d 1123, 1130 (2005). The undisputed admissible evidence establishes that Charles did not report discrimination or request leave as accommodation until after the store manager advised the personnel manager that he wanted to terminate Charles for her mishandling of funds. Therefore, she cannot establish an element of her prima facie case—a causal link between any protected activity and Nike's decision to terminate her. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 272, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001).

Finally, the public policy claim automatically fails because the FEHA claims fail. *Faust v. Cal. Portland Cement Co.*, 150 Cal.App.4th 864, 886, 58 Cal.Rptr.3d 729 (2007).

AFFIRMED.